IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC ROSE,

   Petitioner,

v.

WARDEN ALLEN GANG,

   Respondent.

Civil Action No.: PX-19-2528

**MEMORANDUM OPINION**

Eric Rose brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge the state court's decision denying suppression of a firearm as the product of an unconstitutional search. ECF No. 7. The matter is fully briefed and no hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Petition shall be denied and a certificate of appealability shall not issue.

**I.    Background**

On January 1, 2016, Baltimore City police officers spotted Eric Rose sitting in a red Honda Accord parked near a supposed high crime area. ECF No. 7-2 at 13, 53. On approach, the officers smelled a strong odor of marijuana coming from the car. *Id*. at 19, 39, 47. Officers searched the vehicle and found 260 grams of marijuana and numerous ziplock bags described as "bulk packaging material." *Id*. at 25, 54, 57, 59-60; *see also* ECF No. 7-1 at 95-96. The officers arrested Rose and charged him with both simple possession and possession with intent to distribute a controlled dangerous substance. ECF No. 7-1 at 95. Those charges are not the subject of this Petition.

Further investigation revealed that, shortly after his arrest, Rose registered the red Honda in his name and listed 2613 Pelham Avenue in Baltimore as his address. ECF No. 7-2 at 39-41, 44; ECF No. 1-2 at 10; ECF No. 7-3 at 22. Officers also learned from two confidential informants that Rose, who went by the street name "Lil Eric," sold marijuana and participated in robberies of other drug dealers in the city. ECF No. 1-2 at 7-10. Officers surveilled the Pelham Avenue residence where they spotted the red Honda parked in front of the home on several occasions. *Id*. at 9. Based on the above, the officers obtained a search and seizure warrant for the Pelham Avenue address. ECF No. 1-2 at 11. The search uncovered a firearm in the bedroom in which Rose and his girlfriend were found. ECF No. 7-6 at 97-98.

Rose was charged with firearm possession in the Baltimore City Circuit Court. He, through counsel, moved to suppress the firearm as the product of an unconstitutional search and seizure. ECF No. 7-3 at 14-62. After a hearing, the Circuit Court found that while a "different judge in a different time" may have concluded that probable cause was lacking in the warrant-affidavit (ECF No. 7-3 at 72), the affidavit was not so facially deficient or "bare bones" such that no reasonable officer could rely upon it. Thus, the Circuit Court invoked the "good faith exception" to the exclusionary rule – that because the officers relied in good faith on the validity of the warrant, the firearm would not be suppressed. *See United States v. Leon*, 468 U.S. 897, 920 (1984). ECF No. 7-3 at 71-72.[4]

At trial, Rose was convicted of firearm possession and sentenced to a five-year term of imprisonment. Rose next appealed the Circuit Court's suppression ruling to the Maryland Court of Special Appeals. ECF No. 7-1 at 19-49. On appeal, Rose maintained that the warrant-

---

[4] The court also concluded that Rose was not entitled to an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because he failed to demonstrate that the officers knowingly, or with reckless disregard, included false information in the affidavit. ECF No. 7-3 at 43-44.

affidavit "was so deficient on its face that it rendered [inapplicable] the good faith exception" to the exclusionary rule. ECF No. 7-1 at 99. The Court of Special Appeals squarely affirmed the Circuit Court. It unanimously concluded that the warrant-affidavit was not "bare bones" or "conclusory" such that the firearm should have been excluded at trial. ECF No. 7-1 at 100. Rather, because the affidavit included facts about the distribution sized marijuana and packaging material found in the car as well as corroborating information supplied by two confidential informants, the Court agreed that "the affidavit was not so lacking in indicia of probable cause, even if it was insufficient to establish probable cause at the outset." *Id.* at 100-101.

Rose thereafter petitioned the Maryland Court of Appeals for writ of certiorari, which was denied. ECF No. 7-1 at 107-12. Rose did not petition the United States Supreme Court for review nor has he sought state post-conviction relief. ECF No. 1 at 3. Instead, he filed the Petition before this Court, raising largely the same arguments as he did in state court. Rose also argues, for the first time, that trial counsel had rendered ineffective assistance in litigating the suppression motion. ECF No. 1 at 6; ECF No. 1-1 at 11-23. The Court addresses each argument separately.

**II.     Standard of Review**

"The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (internal marks and citations omitted). Accordingly, this Court may grant a petition for a writ of habeas corpus solely to address violations of the United States Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018) *see Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009). In so doing, the Court must give "considerable deference to the state court decision," and may not grant habeas relief unless the

3

state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)). Further, this Court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id*.

### III. Discussion

#### A. Fourth Amendment Claim

Rose presses that the warrant-affidavit was so bare bones that the state court erred in applying the good faith exception to the exclusionary rule. This Court cannot revisit the state court's application of the exclusionary rule unless Rose can show that he was either denied the opportunity for a full and fair hearing before the state court or that a full and fair hearing did not take place. *Stone v. Powell*, 428 U.S. 465 (1976); *Boggs v. Bair*, 892 F.2d 1193 (4th Cir. 1989), *cert. denied*, 495 U.S. 940 (1990); *Doleman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978). This limitation on habeas review stems from the purposes behind the exclusionary rule.

The exclusionary rule aims to deter law enforcement from committing future constitutional violations by excluding the illegally obtained evidence at trial. The efficacy of that deterrence is time- and context-dependent; and at the federal habeas stage, which often takes place long after the challenged search has been conducted, such efficacy is greatly diminished. *See Stone*, 428 U.S. at 490-92. As the United States Supreme Court in *Stone v. Powell* explained,

> the additional contribution, if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the costs. To be sure, each case in

> which such claim is considered may add marginally to an awareness of the values protected by the Fourth Amendment. There is no reason to believe, however, that the overall educative effect of the exclusionary rule would be appreciably diminished if search-and-seizure claims could not be raised in federal habeas corpus review of state convictions. Nor is there reason to assume that any specific disincentive already created by the risk of exclusion of evidence at trial or the reversal of convictions on direct review would be enhanced if there were the further risk that a conviction obtained in state court and affirmed on direct review might be overturned in collateral proceedings often occurring years after the incarceration of the defendant. . . . Even if one rationally could assume that some additional incremental deterrent effect would be presented in isolated cases, the resulting advance of the legitimate goal of furthering Fourth Amendment rights would be outweighed by the acknowledged costs to other values vital to a rational system of criminal justice.

*Id.* at 493-94.

Accordingly, the Supreme Court has narrowed a challenges to suppression decisions solely to where the petitioner demonstrates that he had been denied a full and fair hearing or the opportunity for the same. *Id*.

Rose has not and cannot make that showing. The record below demonstrates that Rose received a full and fair suppression hearing. He was represented by counsel who, without restriction, presented grounds to exclude the seized evidence. ECF No. 7-3. That the Circuit Court disagreed with petitioner does not render that process infirm. Likewise, Rose received full consideration of the same challenges on appeal. ECF No. 7-1 at 94-106. Thus, the Court concludes that Rose was granted a full and fair opportunity to litigate this claim in state court, and this Court need not "inquire further into the merits of the petitioner's case." *Doleman*, 579 F.2d at 1265. Stone's Fourth Amendment challenge is denied on this basis.

**B.     Ineffective Assistance of Counsel**

Rose next argues for the first time in this Petition that his trial counsel rendered ineffective assistance in litigating the suppression issue. Rose specifically contends that counsel was ineffective because, after the trial court denied suppression of the firearm, his attorney misunderstood the applicable law and "allowed" the evidence to be admitted at trial. ECF No. 1-

1 at 16-24.  At bottom, Rose asserts that his counsel was "just plain incompetent to law and not skilled enough to know what to file in court to the unconstitutional seizure of . . . property." *Id*. at 19-20.

Rose did not pursue an ineffectiveness claim in any state proceeding.  Nonetheless, 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts in the State."  Respondent urges the Court to reach Rose's ineffective assistance claim, contending that the claim should be disposed of summarily as wholly meritless.  ECF No. 7 at 19-23.  The Court agrees with Respondent.

Every person accused of criminal wrongdoing enjoys a Sixth Amendment right to "the effective assistance of counsel."  *Garza v. Idaho*, 139 S. Ct. 738, 743-44 (2019) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).  However, it is incumbent on the petitioner to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland,* 466 U.S. at 687.  A strong presumption of adequacy attaches to counsel's conduct such that a petitioner alleging ineffective assistance must show that the proceeding was rendered fundamentally unfair because of counsel's errors.  *Id*. at 689, 700.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id*. at 689.

Rose appears to contend that because the Circuit Court expressed disagreement with the judge who had found probable cause to issue the warrant, then the seized evidence must automatically have been excluded as "fruit of the poisonous tree."  ECF No. 1-1 at 18.  So, says Rose, counsel's failure to secure such exclusion amounts to ineffective assistance.  But Rose is

simply wrong on the law applying to Fourth Amendment challenges. *Id.* at 16-24. Evidence obtained via search warrant is subject to a good-faith analysis, and per that analysis, the evidence may be admitted at trial even if obtained in the absence of probable cause where the officers had executed the warrant in good faith. *See Herring v. United States*, 555 U.S. 135, 140 (2009). The "fruit of the poisonous tree" doctrine, by contrast, applies in the context of *warrantless* searches. *Cf. United States v. Terry*, 909 F.3d 716, 720 (4th Cir. 2018) ("defendants may seek to suppress not only evidence obtained as a direct result of an illegal search but also evidence later discovered as a result of that search.") (citing *Utah v. Strieff*, __ U.S. ___, 136 S. Ct. 2056, 2061 (2016)). Accordingly, Rose's argument – that counsel had been ineffective for not urging suppression at trial – is wholly unsubstantiated. His ineffectiveness claim is therefore denied with prejudice.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).

Rose has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Rose may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied. A separate Order follows.

| | |
|---|---|
|     3/26/2021 |     /S/ |
| Date | Paula Xinis<br>United States District Judge |